**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. 07-20099
) 11-2008
ZIAD MOUSA MUSALLET, )
)
Defendant. )
)

**MEMORANDUM AND ORDER**

Defendant Ziad Mousa Musallet pleaded guilty to conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana and five kilograms or more of cocaine (doc. 492). He received a 108-month prison sentence (doc. 703). He did not file a direct appeal.

Mr. Musallet has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 825). For the reasons discussed below, that motion is denied.

**1.    Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment

vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**2.   Discussion**

Mr. Musallet asserts that his attorney was constitutionally ineffective. Before evaluating the merits of Mr. Musallet's argument, however, the court must address some procedural concerns about his § 2255 motion.

*A.   Waiver*

Mr. Musallet signed a plea agreement that included a waiver of his right to collaterally attack his sentence. The waiver excludes claims of ineffective assistance, but only regarding an attorney's negotiation of the plea agreement and waiver, which Mr. Musallet is not challenging.

The Government has not raised this waiver as a bar to this court's resolution of

his § 2255 petition, however, and the court will not raise the issue sua sponte. *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir.2006) ("the waiver is waived when the government utterly neglects to invoke the waiver"); *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (the government should file a motion to enforce plea agreement to enforce a waiver of rights contained in the agreement); *see also United States v. Callirgos-Navetta*, 303 F. App'x 585, 587 n.2 (10th Cir. 2008) (declining to enforce waiver sua sponte ).

Therefore, the Court may consider Mr. Musallet's claim without determining whether it is barred by the post-conviction waiver contained in the plea agreement.

### B. *Ineffective Assistance*

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting

*Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

Mr. Musallet's sole allegation of ineffectiveness is that his attorney did not request a continuance of the sentencing proceeding. Mr. Musallet was sentenced in January 2010. In August 2010, Congress passed the Fair Sentencing Act which adjusted the disparity between sentences for crack and powder cocaine violations. In response, the Sentencing Commission amended the sentencing guidelines to incorporate Congress's new sentencing scheme; those amendments were effective November 1,

2010. Thus, Mr. Musallet contends that his attorney should have sought a continuance of his sentencing hearing so that it would take place after the amendments were enacted. He maintains that his sentence would have been 21 months lower.

Mr. Musallet cannot satisfy the *Strickland* standard with this claim. In January 2010, at the time Mr. Musallet was sentenced and at the time he now claims his attorney should have sought a continuance, the status of any amendments to the sentencing guidelines was unknown. Congress had not yet passed a law concerning the sentencing disparity between crack and powder cocaine. Mr. Musallet's attorney would have had no way of knowing when any such amendment would be forthcoming, if it would come at all. And he certainly had no way of knowing the substance of the new law. The Tenth Circuit has consistently held that counsel's failure to predict a future change in the law is not grounds for an ineffective assistance claim. *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) ("Counsel's assistance is not ineffective simply because counsel fails to base its decisions on laws that might be passed in the future."); *see also Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002).

Mr. Musallet supports his argument however by noting that his attorney was aware of pending legislation at the time of the sentencing hearing because his attorney mentioned it to the court to buttress the argument for a lower sentence. Although his attorney might have known that Congress was considering a particular law, he had no way of knowing when it might be passed or what it might provide. Thus, Mr. Musallet's attorney would have needed to ask for a continuance for an indefinite period of time in

5

the hopes that Congress would pass a law and the Sentencing Commission would amend the guidelines.

There is little reason to believe that this court would have granted a continuance for an indefinite period of time. *See, e.g.*, *Anderson v. Berghuis*, 2009 WL 3672118, \*20 (E.D. Mich. 2009). The court had previously continued Mr. Musallet's sentencing on three separate occasions. Each time, it was to allow counsel to complete a specific task (review the PSIR or prepare objections) or because of a scheduling conflict. And each time, the sentencing hearing was continued for approximately four or five weeks. (Docs. 571, 572, 612, 614, 645, 653.) Mr. Musallet has offered no authority, and the court can find none, to support his contention that a motion for an indefinite continuance would have been successful. "Where a motion for a continuance is unlikely to be granted, failure to seek one cannot constitute ineffective assistance." *Martinez v. United States*, 2008 WL 2329171, \*7 (D. Utah. 2008) (citing *United States v. Fish*, 34 F.3d 448, 495 (7th Cir.1994)).

Mr. Musallet's attorney's failure to seek a continuance for an indefinite period in the hopes that Congress would eventually change the relevant sentencing law was not deficient performance. Moreover, had his attorney filed such a motion, it is unlikely that the court would have granted an indefinite continuance. His claim of ineffective assistance can therefore not justify the habeas relief he seeks.

3. **Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255

6

Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Musallet has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 825) is **denied**.

**IT IS SO ORDERED** this 1st day of April, 2011.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge

---

[1] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).